# R. CHRISTOPHER READE

14cr 22

7416 VIA RIMINI STREET

LAS VEGAS, NEVADA 89131

(702) 228-0107

RCHRISREADE@AOL.COM



November 21st, 2017

**VIA CERTIFIED UNITED STATES MAIL**
**RETURN RECEIPT REQUESTED**

Lance Wilson
Office of the Clerk
United States District Court for District of Nevada
333 S. Las Vegas Boulevard
Las Vegas, NV 89101

      Re:      **R. Christopher Reade**

      Please allow this letter to follow up previous correspondence sent to the Court regarding self-reporting of a disciplinary matter as against myself. As previously reported, I pled guilty pursuant to 18 USC §3 before the United States District Court for the District of Nevada. The Sentence/Judgment has been issued. The conviction/plea has now become final with all appellate rights waived. I have been on "Inactive" status in the State of Colorado for all purposes. Enclosed herewith please find an Order of Suspension from the Nevada Supreme Court related to that matter. There is a Petition for Rehearing pending before the Nevada Supreme Court. Nonetheless we wish to report this Order for purposes of disclosure.

      Should you have any questions or concerns, or should you need additional documentation, please do not hesitate to contact me.

                                              Very truly yours,

                                              R. Christopher Reade

133 Nev., Advance Opinion 87

IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF DISCIPLINE OF R. CHRISTOPHER READE, BAR NO. 6791. | No. 70989 FILED NOV 16 2017 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
|---|---|

Automatic review of a disciplinary board hearing panel's recommendation for attorney discipline.

*Suspension issued.*

Premier Legal Group and Jay A. Shafer, Las Vegas; Wright Stanish & Winckler and Richard A. Wright, Las Vegas,
for R. Christopher Reade.

C. Stanley Hunterton, Bar Counsel, and David W. Mincavage, Las Vegas,
for State Bar of Nevada.

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, HARDESTY, J.:

In this opinion, we conduct an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney R. Christopher Reade be suspended from the practice of law in Nevada for

---

[1]The Honorable Ron D. Parraguirre, Justice, voluntarily recused himself from participation in the decision of this matter.

30 months and be required to pay a $25,000 fine to the Clients' Security Fund, based on violating RPC 8.4(b) (misconduct). This court previously considered, and rejected, the panel's approval of a conditional guilty plea agreement between Reade and the State Bar under which Reade would be suspended from the practice of law for 2 years. Considering the serious nature of the misconduct and similar discipline cases, we again conclude that the panel's recommended suspension is insufficient and impose a suspension of 4 years. However, as a matter of first impression, we further conclude that the imposition of a fine exceeds the scope of sanctions permissible under SCR 102(2) for a suspension.

## *FACTS AND PROCEDURAL HISTORY*

R. Christopher Reade was admitted to practice law in Nevada in 1998. Reade began representing Global One and its owner, Richard Young, in February 2007. Global One purported to train people in trading FOREX, a term associated with trading foreign currency. Such contracts were traded by merchants referred to as FOREX brokers. From 2006 to 2008, Young organized a fraudulent scheme through which he obtained approximately $16 million in loans from members of Global One by falsely promising them a return of future profits. Young directed Reade to establish a holding corporation, and Reade was listed as the corporation's director, secretary, and president. Young transferred the fraudulently obtained proceeds to the holding corporation's account to purchase a FOREX brokerage business while concealing the source of payment. These transactions were the basis of Young's conviction for money laundering under 18 U.S.C. § 1956(a)(1)(B)(i). Global One issued a $75,000 check to Reade's law firm for the services Reade provided, including those related to the holding corporation and purchase of the FOREX brokerage.

The National Futures Association (NFA) regulates trading practices in FOREX. The NFA must review and approve all FOREX broker purchases in the United States. When the NFA interviewed Reade, he falsely stated that (1) "he was unaware who owned Global One," (2) "Global One's assets were not used to purchase [the FOREX brokerage]," (3) "he was unaware of how Global One raised money," and (4) "the funds in the [holding corporation's] accounts came from his personal contributions and assets."

Thus, Reade knowingly made false representations to the NFA, and knew that his false representations would hinder the investigation and were intended to prevent Young from being prosecuted for money laundering. These actions resulted in Reade's felony conviction under 18 U.S.C. § 3 for one count of accessory after the fact to money laundering. The United States District Court for the District of Nevada sentenced him to 366 days in prison, ordered him to pay a $40,000 fine, and imposed a term of supervised release of up to 3 years. Reade agreed to abandon the $75,000 payment he received from Global One to the Internal Revenue Service.

Reade and the State Bar initially entered into a conditional guilty plea agreement under which Reade stipulated to violating RPC 8.4(b) (misconduct) and a suspension for 2 years. A Southern Nevada Disciplinary Board hearing panel approved the agreement. However, we rejected the conditional guilty plea because the 2-year suspension was insufficient. On remand, Reade again stipulated to violating RPC 8.4(b) (misconduct), and the hearing panel recommended that Reade be suspended from the practice of law in Nevada for 30 months and be required to pay a $25,000 fine to the Clients' Security Fund. This automatic review followed.

## DISCUSSION

The State Bar has the burden of showing by clear and convincing evidence that Reade committed the violation charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, Reade admitted to committing the violation. Thus, we conclude that the record establishes by clear and convincing evidence that Reade violated RPC 8.4(b) when he knew that Young had committed the crime of money laundering and he assisted Young in avoiding punishment for that crime.

*Reade's serious criminal conduct warrants a 4-year suspension*

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, this court weighs four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Reade's criminal conduct is serious. It involves dishonesty and the practice of law, and it violates a duty Reade owes to the legal profession pursuant to RPC 8.4(b). Further, Reade's conduct was knowing and intentional. Finally, the parties stipulated to the following aggravating circumstances at the disciplinary hearing: (1) substantial experience in the practice of law, and (2) the illegal conduct. *See* SCR 102.5(1). The hearing panel also considered the following mitigating circumstances: (1) absence of dishonest or selfish motive; (2) timely good faith effort to rectify the consequences of the misconduct; (3) full and free disclosure to disciplinary authority and cooperative attitude toward the disciplinary proceeding; (4) character and reputation; (5) imposition of other penalties or sanctions; (6) remorse; (7) community service, especially related to pro bono projects; (8) lack of a victim; and (9) no prior disciplinary action. *See* SCR 102.5(2).

Considering all of these factors, we agree with the panel's recommendation that Reade be suspended. However, we do not agree that a 30-month suspension is commensurate with the criminal conduct that resulted in Reade's conviction. In fact, this court has imposed longer suspensions in similar cases involving attorneys convicted of felonies and violations of RPC 8.4(b). For example, in *Whittemore*, an attorney was convicted of three felonies under federal law when he made excessive campaign contributions, gave campaign contributions in another person's name, and made false statements to a federal agency. *In re Discipline of Whittemore*, Docket No. 64154 (Order of Temporary Suspension and Referral to Disciplinary Board, Oct. 8, 2013). The attorney was also incarcerated for his crimes, and we imposed a 4-year suspension despite the disciplinary panel's recommended 18-month suspension. *In re Discipline of Whittemore*, Docket No. 66350 (Order of Suspension, March 20, 2015). In *Gage*, we approved a conditional guilty plea that required a 4-year suspension for an attorney who was convicted of a felony under federal law for obstruction of justice. *In re Discipline of Gage*, Docket Nos. 58640, 64988 (Order Approving Conditional Guilty Plea Agreement, May 28, 2014); *In re Discipline of Gage*, Docket No. 56251 (Order of Temporary Suspension and Referral to Disciplinary Board, July 30, 2010). In light of these similar cases, we conclude that a 4-year suspension is warranted, given Reade's serious criminal conduct that resulted in his felony conviction and imprisonment.

*SCR 102 does not provide for the imposition of fines when the discipline is suspension or disbarment*

Reade argues that SCR 102 does not provide the court the authority to suspend attorneys *and* impose fines because subsection 2 expressly allows for suspensions but does not reference fines, and

subsections 5-7 specifically provide for fines only in cases of public reprimand or letters of reprimand. Reade also argues that the $25,000 fine serves as a punitive measure and is inconsistent with the purpose of attorney discipline.[2] The State Bar argues that SCR 39, which states that "[a]uthority to admit to practice and to discipline is inherent and exclusive to the courts," allows the court to impose fines payable to the Clients' Security Fund. The State Bar also asserts that SCR 76(1), which provides that "[t]he State Bar of Nevada . . . shall govern the legal profession in this state, subject to the approval of the supreme court," further demonstrates the court's inherent authority to impose fines with suspensions.[3] Additionally, the State Bar contends that, as a public corporation, it can impose fines as discipline in its regulation of the legal profession. We agree with Reade that SCR 102 does not provide authority to impose a fine in conjunction with suspension or disbarment.

---

[2] Reade cites *In re Cochrane*, 92 Nev. 253, 549 P.2d 328 (1976), for the notion that additional discipline measures beyond those necessary to protect the public only serve as further punishment, which does not align with the purpose of attorney discipline. We agree with Reade on this principle, *see Cochrane*, 92 Nev. at 255, 549 P.2d at 329-30, but we note that in *Cochrane*, we imposed fines as a disciplinary measure in lieu of a suspension. *Cochrane* was decided in 1976, which was before the ABA standards were adopted and when the rules of professional conduct were different from those currently in effect.

[3] We acknowledge the State Bar's argument that Reade waived his right to appeal the imposition of a fine because he did not object during the hearing when the panel pronounced its decision. However, the panel did not notify Reade that it was recommending a fine until the end of the hearing after arguments concluded. Therefore, it does not appear that Reade had the opportunity to argue the issue, and we do not find the State Bar's contention persuasive.

When interpreting a statute or court rule, we begin with the plain language. *See City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 272, 236 P.3d 10, 16 (2010). SCR 102(5)-(7) expressly allow fines in the context of public reprimands or letters of reprimand. On the other hand, neither SCR 102(1) (irrevocable disbarment), nor SCR 102(2) (suspension), provides that the court can impose a fine along with disbarment or suspension. Further, while SCR 39 stands for the general proposition that this court governs attorney discipline, and SCR 76(1) empowers the State Bar to govern the legal profession, this court and the State Bar must operate within the specific rules under SCR 102 that provide authority to impose attorney discipline. To conclude otherwise would expose attorneys disciplined by disbarment and suspension to fines that are arbitrary and standardless.

We recognize that our prior attorney discipline orders have allowed the imposition of fines in conjunction with suspensions or disbarments. However, in those cases, the attorneys did not contest the imposed fine. In fact, in several cases, the attorneys expressly agreed to pay the fines outright or by way of conditional guilty plea agreements. *See, e.g., In re Discipline of Goldberg*, Docket No. 71070 (Order of Suspension, Dec. 21, 2016) (4-year, 9-month suspension and $5,000 fine); *In re Discipline of Michaelides*, Docket No. 70339 (Order Approving Conditional Guilty Plea Agreement, Sept. 12, 2016) (90-day suspension and $5,000 fine); *In re Discipline of Francis*, Docket No. 70020 (Order Approving Conditional Guilty Plea Agreement, June 14, 2016) (9-year, 11-month suspension and $150,000 fine); *In re Discipline of Carrico*, Docket No. 68879 (Order Approving Conditional Guilty Plea Agreement, Dec. 23, 2015) (6-month suspension and $1,000 fine); *In re Discipline of Kennedy*, Docket No. 65742

(Order Approving Conditional Guilty Plea, Oct. 24, 2014) (90-day suspension and $7,500 fine); *In re Discipline of Gage*, Docket Nos. 58640, 64988 (Order Approving Conditional Guilty Plea Agreement, May 28, 2014) (4-year suspension and $25,000 fine).

In other cases, the attorneys failed to challenge the imposed fines. *See, e.g., In re Discipline of Graham*, Docket No. 72693 (Order of Disbarment, Sept. 11, 2017) (disbarment and $1 million fine); *In re Discipline of Harris*, Docket No. 71636 (Order of Disbarment, June 13, 2017) (disbarment and $50,000 fine); *In re Discipline of Groesbeck*, Docket No. 65036 (Order of Suspension, Aug. 1, 2014) (6-year suspension, $1,000 restitution and $10,000 fine); *In re Discipline of Rojas*, Docket No. 69787 (Order of Suspension, June 14, 2016) (18-month suspension and $25,000 fine). Accordingly, Reade's challenge to our authority to impose fines in addition to suspension or disbarment pursuant to SCR 102 is a matter of first impression. Based on the plain language of SCR 102, we conclude that this court can only impose a fine in conjunction with a public reprimand or a letter of reprimand.

Our interpretation of SCR 102 is consistent with the purpose of attorney discipline and is supported by the ABA and other jurisdictions. The policy underlying attorney discipline guides us in determining the appropriate discipline for attorney misconduct. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). "The purpose of a disciplinary proceeding is not to punish the attorney but to inquire into the moral fitness of an officer of the court to continue in that capacity and to afford protection to the public, the courts and the legal profession." *Id.* (quoting *In re Kristovich*, 556 P.2d 771, 773 (Cal. 1976)). The American Bar Association Standards for Imposing Lawyer Sanctions does not include

fines on the list of appropriate sanctions and remedies, though costs and restitution are included. *See Compendium of Professional Responsibility Rules and Standards: Standards for Imposing Lawyer Sanctions*, (standards 2.2 (Disbarment), 2.3 (Suspension), 2.8 (Other Sanctions and Remedies) (Am. Bar Ass'n 2016)).

Moreover, "[f]ines have traditionally not been authorized as a disciplinary sanction for lawyers." Ted Schneyer, *Professional Discipline for Law Firms?*, 77 Cornell L. Rev. 1, 32 (1991). Courts in other states with statutes or rules that do not authorize fines have likewise determined that they cannot impose fines in conjunction with the attorney's discipline. For example, the Supreme Court of Florida has determined that it has no authority "in a disciplinary proceeding to require a payment that is not for restitution or the payment of costs." *The Florida Bar v. Frederick*, 756 So. 2d 79, 89 (Fla. 2000) (internal quotation marks omitted). The Supreme Court of Wisconsin concluded similarly that it did not have authority to impose a fine as a sanction for attorney discipline because the rules governing attorney misconduct did "not authorize the imposition of a fine as a sanction for attorney misconduct." *Matter of Disciplinary Proceedings Against Laubenheimer*, 335 N.W.2d 624, 626 (Wis. 1983). In doing so, the court noted that the purpose of attorney discipline is not to punish the attorney, but to protect the public. *Id.*

Thus, our decision is in accord with the policy underlying attorney discipline, the ABA standards for imposing sanctions, and caselaw from other states. Reade's case demonstrates that the panel's recommended $25,000 fine is an additional punishment that is contrary to the policy underlying attorney discipline. Reade faces a lengthy suspension and concomitant loss of income and reputation that serves as a deterrent to him

and other attorneys and protects the public and public confidence in the integrity of the profession and its ability to regulate itself. He has a criminal conviction, served a custodial sentence, paid a $40,000 criminal fine, and disgorged the entirety of his $75,000 fee, earned in the related representation, to the IRS. Those additional criminal penalties also serve to deter Reade and other attorneys. Reade's violation of RPC 8.4(b) did not result in financial injury to any clients or any claims paid by the Clients' Security Fund. Thus, the fine imposed appears punitive in nature and is contrary to the express language of SCR 102 and the purpose of attorney discipline. Imposing a fine in addition to Reade's suspension "would serve no proper purpose and could only be construed as additional punishment." *Claiborne*, 104 Nev. at 230, 756 P.2d at 539.

## *CONCLUSION*

Based on the foregoing, we suspend R. Christopher Reade from the practice of law for 4 years, retroactive to June 25, 2014, the date of Reade's temporary suspension. Furthermore, we conclude that no fine should be imposed. Reade shall pay the costs of the disciplinary proceedings within 30 days of receipt of the State Bar's bill of costs. SCR 120. Because

the imposed suspension is longer than six months, Reade must petition the State Bar for reinstatement to the practice of law. SCR 116. The parties shall comply with SCR 121.1.

/s/ Hardesty , J.
Hardesty

We concur:

/s/ Cherry , C.J.
Cherry

/s/ Douglas , J.
Douglas

/s/ Gibbons , J.
Gibbons

/s/ Pickering , J.
Pickering

/s/ Stiglich , J.
Stiglich